IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JACEY L. LITTLE                                                                                       PLAINTIFF

      v.                          Civil No. 12-2110

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                              DEFENDANT

### AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  Plaintiff, Jacey Little, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.** **Procedural Background:**

  Plaintiff filed her applications for DIB and SSI on March 3, 2009, alleging an onset date of April 9. 2007, due to spina bifida of the hips, scoliosis of the back, obesity, and depression. Tr. 171, 186-187, 200, 203. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 73-76, 80-86. An administrative hearing was held on June 28, 2010. Tr. 27-72. Plaintiff was present and represented by counsel.

  At the time of the hearing, Plaintiff was 48 years old and possessed at least a high school education. Tr. 44, 176. She had past relevant work "(PRW") experience as a production line worker and a sales clerk. Tr. 20, 46-47, 163-169, 172, 178-185, 217.

  On May 5, 2010, the ALJ found Plaintiff's scoliosis of the thoracic spine and obesity to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 14-16. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

>perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she cannot climb ladders, ropes, and scaffolds, cannot drive as a condition of employment, and must avoid hazards such as unprotected heights and dangerous moving machinery. Furthermore, she is limited to work where the complexity of the tasks is learned and performed by rote with few variables and little judgment required, and where supervision required is simple, direct, and concrete.

Tr. 16. The ALJ then concluded that Plaintiff could perform work as a credit card clerk, referral and information aide, and general office clerk. Tr. 21-22.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on March 29, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 11.

II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's determination that Plaintiff's anxiety and depression were non-severe impairments. A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (quoting 20 C.F.R. § 404.1520(c)). An impairment(s) that is "not severe"

must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on their ability to do basic work activities. *See* SSR 85-28.

The evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996). Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (abrogated on other grounds).

In the present case, Plaintiff was repeatedly diagnosed with anxiety and depression. From 2006 until December 2010, Dr. Ronald Meyers at the Roland Wellness Clinic treated Plaintiff for these impairments, prescribing both Xanax and Lexapro. We note, however, that Xanax is a sedative that causes dose-related depression of the central nervous system. As such, it is not a first round choice for the treatment of anxiety, particularly mild anxiety, and should have been considered by the ALJ. *See* Mayo Foundation for Medical Education and Research ("MFMER"), *Generalized Anxiety Treatment and Drugs*, http://www.mayoclinic.com/health/generalized-anxiety-disorder/DS00502/DSECTION=treatments-and-drugs (last accessed April 4, 2013). Accordingly, we believe remand is necessary to allow the ALJ to develop the record further regarding Plaintiff's anxiety disorder.

4

We also note that the record does not contain a mental RFC assessment. The ALJ performed the psychological review technique form analysis in his opinion, but the record contains no medical evidence to support his conclusions. *See Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003) (an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace). Accordingly, remand is also necessary to allow the ALJ to obtain a mental RFC assessment from Plaintiff's treating doctor, Dr. Myers. *See* Social Security Ruling 96 - 5p ("Adjudicators are generally required to request that acceptable medical sources provide [medical source] statements with their medical reports.").

Further, we note that Plaintiff was prescribed a variety of medications to treat her impairments, namely Endocet, Neurontin, Oxycodone, Lyrica, Flexeril. Tr. 35. At the administrative hearing, a medical expert, Dr. James Armstrong testified that said it would be difficult for someone to function if they took these medications regularly throughout the day, as they were prescribed to the Plaintiff. On remand, we believe that further development of the record is necessary regarding the side effects of Plaintiff's medications and whether these medications would impact her ability to concentrate and stay on task.

On remand, the ALJ is also directed to provide his reasoning for the weight he assigns to Dr. Meyers' assessments. The ALJ must give good reasons for whatever weight he gives the treating physician's opinion. *Holmstrom v. Massanari,* 270 F.3d 715, 720 (8th Cir. 2001). As the record currently stands, the ALJ merely states that Dr. Meyers' physical RFC assessment is not substantially consistent with the record as a whole. However, he points to no specific evidence contradicting Dr. Meyers' findings. *See* 20 C.F.R. § 404.1527(d)(2) (opinion of a treating physician is accorded special deference and will be granted controlling weight when well-supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence in the record). Therefore, he is ordered to do so on remand.

IV.     **Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of April 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)